UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff,

No. 5:23-CV-117-BJB

v.

ADAM RUDDLE,
Defendant.

## NOTICE OF REMOVAL AND CERTIFICATION

Pursuant to 16 U.S.C. § 831c-2(b)(2), 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1446, and the Federal Rules of Civil Procedure, Tennessee Valley Authority ("TVA") and Defendant Adam Ruddle hereby submit for filing this Notice of Removal and Certification, and respectfully show as follows:

1. On July 14, 2023, Plaintiff, State Farm Mutual Automobile Insurance Company ("Plaintiff"), filed a Complaint in the Circuit Court for Calloway County, Kentucky, naming Adam Ruddle as a Defendant, Case No. 23-CI-00199. On August 8, 2023, a civil summons and a copy of the Complaint were served on Mr. Ruddle. Plaintiff's complaint seeks to recover damages from an automobile accident based on the alleged negligence of Mr. Ruddle. (Compl. ¶¶ 4–8.)

2. TVA is a wholly owned executive branch corporate agency and instrumentality of the United States of America, created by and existing pursuant to the TVA Act of 1933, 16 U.S.C. §§ 831 *et seq*. 16 U.S.C. § 831r (2006) (denoting TVA to be "an instrumentality and agency of the Government of the United States"); *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 157 (1978) ("[T]he Tennessee Valley Authority [is] a wholly owned public corporation of the United States . . . ."); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 315 (1936) ("[T]he Tennessee Valley Authority [is] an agency of the federal government . . . ."); *Waterhouse v. Tennessee Valley*

1

*Authority*, No. 20-5978, 2021 WL 1230371, at *2 (6th Cir. Mar. 17, 2021) ("TVA is a 'wholly-owned corporate agency and instrumentality of the United States.'" (quoting *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1333 (6th Cir. 1995))); *Gillham v. Tennessee Valley Authority*, 488 F. App'x 80, 81 (6th Cir. 2012) ("The TVA is a wholly-owned corporate agency and instrumentality of the United States. . . ."); *Gossom v. Union Pac. R.R. Co.*, No. 5:19-CV-00033-GNS, 2019 WL 4169886, at *2 (W.D. Ky. Sept. 3, 2019) ("TVA is an executive branch corporate agency and instrumentality created by and existing pursuant to the TVA Act of 1933."); *U.S. ex rel. Tennessee Valley Authority v. Easement and Right-of-Way Over Land, in Logan Cnty., Ky.*, 246 F. Supp. 263, 266–67 (W.D. Ky. 1965) (finding that "TVA is a wholly owned corporate agency and instrumentality of the United States, created by the Tennessee Valley Authority Act of 1933.").

3. "An action against the Tennessee Valley Authority for injury or loss of property, or personal injury . . . resulting from the negligent or wrongful act or omission of any employee of the Tennessee Valley Authority while acting within the scope of this office or employment is ex[c]lusive of any other civil action or proceeding by reason of the same subject matter against the employee . . . whose act or omission gave rise to the claim." 16 U.S.C. § 831c-2(a)(1) (footnote omitted).

4. As shown by the Certification of TVA made herein (Attachment 1), Mr. Ruddle was a TVA employee acting within the scope of his TVA employment at the time of the incident that forms the basis of the claims being asserted in this action. Accordingly, pursuant to 16 U.S.C. § 831c-2(b)(2), this action is removable to this Court by TVA, and this action is therefore "deemed an action brought against the Tennessee Valley Authority."

5. This action also is removable to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes removal of any civil action commenced against "the United States or any agency

thereof or any officer (or any person acting under that officer) of the United States or any agency thereof for or relating to any act under color of such office. *See, e.g.*, *Bennett v. MIS Corp.*, 607 F.3d 1076, 1088 (6th Cir. 2010).

6. This action is also removable to this Court pursuant to 28 U.S.C. § 1441(a). Further, the question of potential liability in this action will involve defenses arising under federal law, including those pursuant to 16 U.S.C. § 831c-2(a)(1).

7. This notice is submitted for filing within thirty days of Mr. Ruddle's receipt on August 8, 2023, of the pleadings setting forth the claim upon which this action is based and, therefore, is timely and proper under 28 U.S.C. § 1446(b)(1).[1]

8. In accordance with 28 U.S.C. § 1446(a), copy of all process, pleadings, and orders served upon Mr. Ruddle are being filed with the Court contemporaneously with this Notice of Removal. (*See* Attachment 2.)

9. In accordance with 28 U.S.C. § 1446(d) and as shown by the Certificate of Filing and Service submitted herewith (*see* Attachment 3), notice of the removal of this civil action was effected on August 25, 2023, by (1) mailing copies of this Notice of Removal and said Certificate to Plaintiff, thereby notifying it of the filing of this Notice of Removal and the removal of this action; and (2) by causing copies of this Notice of Removal and said Certificate to be filed with the Clerk of the Calloway County Circuit Court of the Commonwealth of Kentucky.

WHEREFORE, Defendant Adan Ruddle and TVA give notice that this action is removed from State court to this Court as provided by law.

---

[1] Upon removal, TVA's deadline for responding to the Complaint is September 1, 2023. *See* Fed. R. Civ. P. 81(c)(2)(C).

Respectfully submitted,

*s/Christopher W. Sanders*
David D. Ayliffe (TN BPR 024297)
Director, Litigation
Christopher W. Sanders (TN BPR 025671)
John E. Pevy (TN BPR 034390)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.7007
cwsanders1@tva.gov

Attorneys for Tennessee Valley Authority and Defendant Adam Ruddle

119662515

4